```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA

                   Alexandria Division


HUI ZENG,                       )
                                )
     Plaintiff,                 )
                                )
           v.                   )    1:07cv310 (JCC)
                                )
ELECTRONIC DATA SYSTEMS          )
     CORPORATION, et al.,       )
                                )
     Defendants.                )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendants' motion to dismiss Counts VI, VII, and VIII of the Complaint. For the following reasons, the Court will grant the motion in part, and deny it in part.

### I. Background

On July 28, 2005, Plaintiff Hui Zeng ("Plaintiff"), an Asian-American of Chinese descent, was extended an offer to join the Electronic Data Services ("EDS") Federal Reserve Team as an Infrastructure Specialist with an initial base salary of $100,000 plus benefits. Plaintiff was particularly qualified for the job given her educational and employment history: a Masters and Ph.D in Computer Science from George Mason University and over eight years experience as a network and software engineer in the field

of network and capacity planning.  Plaintiff accepted the position and began working at EDS on October 11, 2005.

Plaintiff alleges that, during her tenure at EDS, she was the subject of discrimination and retaliation by her supervisors on the basis of her race, gender, and national origin.  Such instances include, but are not limited to: giving Plaintiff poor evaluations without any explanation of basis; stating that Plaintiff was poor at confrontation because "you people don't know how to fight"–-referring to her Chinese/Asian descent;  blaming Plaintiff for errors for which she was not responsible; threatening Plaintiff with negative assessments; reviewing Plaintiff negatively after she announced her wedding; blatantly stereotyping that "Chinese are always shy and hide in the corner;" marginalizing Plaintiff by telling her: "this is America, [you are] not in China;" placing over-burdensome requirements on Plaintiff's projects; re-assigning Plaintiff's projects without any basis; requiring a doctor's note for sick leave, and then deeming the note insufficient; requiring Plaintiff to work more than eight hours a day while pregnant, contrary to her physician's direction; forcing Plaintiff to repeat what a supervisor just said, to prove that she understood; threatening to fire Plaintiff "even if you are pregnant" and forcing Plaintiff to repeat such threats; increasing Plaintiff's workload by 300% after her complaints of discrimination; and

finally, terminating Plaintiff because of her race, sex, national origin, and engaging in protected activity.

On March 29, 2007, Zeng filed her Complaint against Defendants alleging discrimination and retaliation on the basis of gender, race, and national origin, in violation of 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981, as well as state law claims of tortious interference with contractual relations or business expectancies, intentional infliction of emotional distress, and negligent retention.  On May 10, 2007, Defendants filed this motion to dismiss Plaintiff's state tort claims.  This matter is currently before the Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of

plaintiff." *Id.* A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

### III. Analysis

Defendants move this Court to dismiss Plaintiff's state law tort claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, the Court will grant Defendants' motion as to Counts VI, but deny the motion as to Count VII and VII.

A. Negligent Retention

The cause of action for negligent retention "is based on the principle that an employer . . . is subject to liability for harm resulting from the employer's negligence in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm" others. *Southeast Apartments Management, Inc. v. Jackman*, 513 S.E. 2d 395 (1999). Defendants argue that Plaintiff's claim of negligent retention (Count VI) should be dismissed on two grounds:  First, the Complaint lacks an allegation of physical injury; and second, the Complaint lacks an allegation or evidence that Defendants' knew of Hampton and Huffner's dangerous proclivities. Because this Court agrees with Defendants with respect to the first ground, it need not reach the second.

Although the Supreme Court of Virginia has never ruled on the issue of whether the tort of negligent retention requires a showing of physical injury, there are two federal district courts and three state circuit courts directly on point. *In Sutphin v. United American Ins. Co*, 154 F. Supp. 2d 906 (W.D. Va. 2001), the court found that a negligent retention claim "requires that, at the very least, the employee's conduct must give rise to an underlying wrong that is actionable in its own right." The plaintiff in *Sutphin* alleged sexual harassment, and since sexual harassment is not a separate cause of action in Virginia and there was no allegation of physical touching, the court dismissed the case. Furthermore, in *Parker v. Geneva Enterprises, Inc.*, 997 F. Supp. 706 (E.D. Va. 1997), this Court dismissed a negligent hiring claim because plaintiff suffered no physical injury, noting that the same rationale would also apply to a claim of negligent retention.

As for state circuit courts, two have taken the opposite view. In *Courtney v. Ross Stores, Inc.*, 45 Va. Cir. 429 (1998) and *Flanary v. Roanoke Valley Society*, 53 Va. Cir. 134, 135 (2000), the courts concluded that physical injury is not an element of negligent hiring or negligent retention. However, notwithstanding these decisions, in *Investors Title Ins. Co. v. Lawson*, 68 Va. Cir. 337 (2005), the Circuit Court of Henry County acknowledged the views of his "learned colleagues on the circuit

5

bench," but nevertheless found that physical injury is a necessary requirement to maintain a cause of action of negligent retention. Judge Greer found this reading to be most consistent with the Supreme Court of Virginia's language of "dangerous employee . . . likely to harm" others in *Jackman*. *Id.*

This Court finds the position taken by the federal district courts and the *Lawson* Court to be most persuasive. To require that the employee is "dangerous" and "likely to cause harm" clearly demands something more than an emotionally insensitive, offensive individual--but instead an individual that threatens the safety of others through some physical altercation, such as battery or assault. While discrimination and retaliation are hardly to be taken lightly, the Court will not extend the cause of action of negligent retention so far as to include the offensive and unprofessional, even if they are racist, sexist, and xenophonbic.[1] Accordingly, since Plaintiff fails to allege any physical harm or injury, her claim for negligent retention must be dismissed.

> B. Tortious Interference with Business Expectancy

To successfully plead a tortious interference claim, a plaintiff must allege: (1) the existence of a valid contractual relationship and expectancy; (2) knowledge of the contractual

---

[1] Fortunately, plaintiffs afflicted by such persons in the employment context are far from without recourse, as evidenced by the federal statutory schemes prohibiting discrimination and retaliation.

6

relationship and expectancy; (3) intentional interference inducing or causing the breach of the relationship and expectancy; (4) use of improper means and methods to interfere with the expectancy; and (5) resulting damage. *T.G. Slater & Son, Inc. v. Brennan, LLC,* 385 F.3d 836 (4th Cir. 2004)(citing *Maximus, Inc. v. Lockheed Information Management Systems, Co.,* 493 S.E.2d 375, 378 (Va. 1997)). Plaintiff claims that Defendants Huffner and Hampton tortiously interfered with Plaintiff's contractual relations or business expectancies with EDS. Defendants do not dispute that Plaintiff properly alleged the bare elements of the claim, but instead argues that this claim must be dismissed because Huffner and Hampton, as employees and agents of EDS, cannot interfere with EDS's own contracts.

"It is axiomatic that a party cannot interfere with his own contract. Rather, a tortious interference claim requires the existence of three actors--two parties to the contract and a third-party who interferes with, or induces one of the parties to breach, that contract." *Storey v. Patient First Corporation*, 207 F. Supp. 2d 431 (E.D. Va. 2002). However, the exception to this axiom is when a plaintiff can establish that the agent of a party to the contract was acting outside the scope of his employment in tortiously interfering with the contract. *Id.*(citing *Wuchenich v. Shenandoah Memorial Hospital*, 215 F.2d 1324 (4th Cir. 2000).

7

In Count VII of her Complaint, Plaintiff explicitly pleads that the individual Defendants acted outside the scope of their employment. Compl. ¶ 272. Defendants claim that such individual conclusory allegation is insufficient, and that Plaintiff must point to facts that establish such a claim. *See, e.g., Jordan v. Alternative Resources Corporation*, 458 F.3d 332, 345-47 (4th Cir. 2006). In response, however, Plaintiff highlights several allegations that she claims establish that Huffner and Hampton acted in their personal capacity because of their animus towards Plaintiff, outside the scope of their employment. *See, e.g.,* Compl. ¶¶ 48, 122-26.

A plaintiff is not charged with pleading facts sufficient to prove her case in her complaint, but only to allege facts that support her claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Plaintiff satisfies her burden by identifying what facts she alleges in support of her claim that Defendants Huffner and Hampton tortious interfered in their personal capacity. Having done so, in the context of a 12(b)(6) motion, the defendant has the burden of showing no claim has been stated. *See, e.g., Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006). Defendants fail to meet this burden by neglecting to explain why these allegations do not constitute an employee acting outside the scope of his

employment, thereby stating an invalid claim. They cite no precedent defining the parameters of acting inside or outside the scope of one's employment, nor do they apply such precedent to the instant facts identified by Plaintiff in order to demonstrate how they fall short of establishing a tortious interference claim. Since Defendants have not met their burden, the motion to dismiss Count VII will be denied.

### C.  Intentional Infliction of Emotional Distress

The elements of an intentional infliction of emotional distress claim are: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable; (3) there is a causal connection between wrongdoer's conduct and the emotional distress; and (4) the emotional distress was severe. *Ruth v. Fletcher,* 377 S.E. 2d 412, 413 (1989). Defendants argue only that Plaintiff's emotional distress claim fails to meet the second element, in that the alleged conduct was not sufficiently extreme or outrageous to state a valid claim for intentional infliction of emotional distress.

To prove that the conduct is sufficiently extreme or outrageous from a non-tactile tort under Virginia law, a plaintiff must allege that the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Russo v. White*, 200 S.E.2d

160, 162 (1991). At this early stage of the litigation, the Court does not find that Plaintiff's allegations fail to meet this standard.

Plaintiff claims that Defendants (Huffner, specifically) inflicted emotional distress by: (1) telling her to update her resume so she can secure a job; (2) humiliating Plaintiff by forcing her to repeat herself since English was not her native language; (3) threatening to fire Plaintiff, with knowledge that Plaintiff was pregnant and physically sensitive, and stating that such termination will occur "even if you are pregnant," (4) prohibiting Plaintiff from taking leave when necessary for the health of her pregnancy, despite satisfying her request for a doctor's note; (5) placing significantly over-burdensome projects on Plaintiff, forcing her to work severe hours despite knowing that Plaintiff was directed by her physician to work no more than eight hours a day to maintain the health of her pregnancy; and (6) stereotyping Plaintiff as a person that is poor at confrontation because of her Chinese/Asian descent. Defendants argue that this conduct, if true, does not rise to the level of being sufficiently outrageous. This Court disagrees.

Defendants fail to consider that "another basis on which extreme outrage can be found is the defendant's knowledge that the plaintiff is especially sensitive, susceptible and

10

vulnerable to injury through mental distress at the particular conduct." PROSSER AND KEETON ON THE LAW OF TORTS, § 2, p. 62 (5th ed. 1984). Defendants knew of Plaintiff's pregnancy, which is clearly a period when a person is mentally sensitive, susceptible, and vulnerable to physical injury. Nevertheless, from the allegations in the Complaint, Defendants discarded notions of decency through her complete disregard for Plaintiff and the health of her pregnancy. Accordingly, Plaintiff's allegations, if proven true, may establish a claim for intentional infliction of emotional distress, and Count VIII will not be dismissed.

## IV. Conclusion

For these reasons, the Court will grant Defendants' motion as to Counts VI, but will deny the motion as to Count VII and VIII.

An appropriate Order will issue.

June 18, 2007                    _____/s/_____
Alexandria, Virginia                   James C. Cacheris
                                 UNITED STATES DISTRICT COURT JUDGE

11