IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HUI ZENG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:07cv310 (JCC) |
| | ) |
| ELECTRONIC DATA SYSTEMS | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Hui Zeng's Objections to the Magistrate Judge's Ruling of August 1, 2007 and Order of August 2, 2007 granting Defendants' requests regarding the deposition of Jennifer Hampton. Plaintiff further objects to the Magistrate Judge's Rulings of August 10 and 23, 2007 denying Plaintiff's motion to exclude and for other relief, and imposing on Plaintiff and her counsel the costs and fees incurred by Defendant in opposing the motion. For the following reasons, the Court will deny Plaintiff's objections.

### I. Background

On July 28, 2005, Plaintiff Hui Zeng ("Plaintiff"), an Asian-American of Chinese descent, was extended an offer to join the Electronic Data Services ("EDS") Federal Reserve Team as an Infrastructure Specialist with an initial base salary of $100,000

1

plus benefits.  Plaintiff was particularly qualified for the job given her educational and employment history: a Masters and Ph.D in Computer Science from George Mason University and over eight years experience as a network and software engineer in the field of network and capacity planning.  Plaintiff accepted the position and began working at EDS on October 11, 2005.

Plaintiff alleges that, during her tenure at EDS, she was the subject of discrimination and retaliation by her supervisors on the basis of her race, gender, and national origin.  Such instances include, but are not limited to: giving Plaintiff poor evaluations without any explanation of basis; stating that Plaintiff was poor at confrontation because "you people don't know how to fight"--a reference to her Chinese/Asian descent; blaming Plaintiff for errors for which she was not responsible; threatening Plaintiff with negative assessments; reviewing Plaintiff negatively after she announced her wedding; blatantly stereotyping that "Chinese are always shy and hide in the corner;" marginalizing Plaintiff by telling her: "this is America, [you are] not in China;" placing over-burdensome requirements on Plaintiff's projects; re-assigning Plaintiff's projects without any basis; requiring a doctor's note for sick leave, and then deeming the note insufficient; requiring Plaintiff to work more than eight hours a day while pregnant, contrary to her physician's direction; forcing Plaintiff to

repeat what a supervisor just said, to prove that she understood; threatening to fire Plaintiff "even if you are pregnant" and forcing Plaintiff to repeat such threats; increasing Plaintiff's workload by 300% after her complaints of discrimination; and finally, terminating Plaintiff because of her race, sex, national origin, and engaging in protected activity.

On March 29, 2007, Zeng filed her Complaint against Defendants alleging discrimination and retaliation on the basis of gender, race, and national origin, in violation of 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, as well as state law claims of tortious interference with contractual relations or business expectancies, intentional infliction of emotional distress, and negligent retention. On June 1, 2007, this Court issued a Scheduling Order permitting discovery. Subsequently, on June 8, 2007, Plaintiff served Defendants with notice to take EDS's Rule 30(b)(6) deposition, and identified numerous topics for examination. In a letter dated June 19, 2007, Defendants informed Plaintiff that Jennifer Hampton, a named defendant, would be a Rule 30(b)(6) corporate designee for some of the topics. On July 26, 2007, Plaintiff provided amended notices of deposition for Jennifer Hampton in both her personal capacity and her capacity as a corporate designee.[1] The depositions were

---

[1] Plaintiff claims that these amended notices of deposition indicated that Ms. Hampton would be deposed in her individual capacity first and as a corporate designee thereafter. Pl.'s

scheduled for August 1, 2007, continuing on August 2 if necessary.

At the August 1 deposition, defense counsel provided Ms. Hampton a notebook they had prepared containing a twenty-two page summary and various documents, and provided Plaintiff's counsel a courtesy copy. Defense counsel then informed Plaintiff's counsel that Ms. Hampton would testify in both of her capacities simultaneously, and that Ms. Hampton would be using the notebook during her testimony. Plaintiff's counsel objected to the simultaneous testimony and to Ms. Hampton's use of the notebook while being deposed in her individual capacity.

To resolve the dispute, the parties had an emergency telephone conference with Magistrate Judge Buchanan. After hearing from both sides, the Magistrate Judge ruled that Plaintiff's counsel would ask Ms. Hampton one set of questions. If a question applied to Ms. Hampton in both her individual and corporate designee capacities, the question would be asked once and her answer would be binding in both capacities. The Magistrate Judge also permitted Ms. Hampton to refer to the documents contained in the notebook during her deposition. This ruling was then memorialized in an Order dated August 2, 2007.

---

Objections at 6. No such distinction is indicated, however, on the face of these notices. Ex. 4 & 5 to Pl.'s Objections.

In response to the August 1 Ruling and August 2 Order, on August 3, 2007, Plaintiff filed a motion with the Magistrate Judge seeking to exclude Ms. Hampton's deposition testimony and to prohibit her from testifying at trial in any capacity. In addition, Plaintiff sought to prevent Defendants from introducing any evidence at trial respecting any of the topic areas for which Ms. Hampton was designated to testify on behalf of EDS. Plaintiff also moved for the imposition of attorneys' fees and costs. On August 10, 2007, Magistrate Judge Buchanan denied Plaintiff's motion, finding it "wholly without merit." The Magistrate Judge also imposed upon Plaintiff and her counsel the costs and fees incurred by Defendants in opposing the motion, and on August 23, 2007, ordered the payment of $8,825.62 in attorney's fees.

On August 15, 2007, Plaintiff filed an objection to the Magistrate Judge's ruling pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. This objection is currently before the Court.

## II. Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on nondispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see *Federal Election Comm'n v. The Christian Coalition*, 178 F.R.D. 456, 459-60 (E.D.

Va. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). As a non-dispositive matter, the review of a magistrate's discovery order is properly governed by the "clearly erroneous or contrary to law" standard of review. *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. Partnership*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991).

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). A treatise on federal practice and procedure describes altering a magistrate's non-dispositive orders as "extremely difficult to justify." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 1997). However, the same treatise admits that "although an abuse-of-discretion attitude should apply to many discovery and related matters, it need not curtail the power of the district judge to make needed modifications in the magistrate judge's directives." *Id.*

### III. Analysis

A) <u>**Ruling of August 1, 2007 and Order of August 2, 2007**</u>

Plaintiff objects to the Magistrate Judge's Ruling of August 1, 2007 and Order of August 2, 2007 on the grounds that they: (1) prevented Plaintiff from deposing Jennifer Hampton separately in her personal capacity and in her capacity as a corporate designee, and (2) permitted Jennifer Hampton to consult a notebook containing a twenty-two page summary and various documents during the deposition. The Court will address these claims in turn, applying the standard of clear error.

Firstly, Plaintiff argues that it was clear error for the depositions to proceed simultaneously because individual and corporate depositions are "two distinct forms of examination" that impose different obligations regarding preparation. Pl.'s Objections at 17-18. In support of this argument, Plaintiff cites several cases that stand for the proposition that a witness who has been previously deposed in their individual capacity can be deposed again as a corporate designee. *See Lendingtree, Inc. v. Lowermybills, Inc.*, 2006 U.S. Dist. LEXIS 59589, at **3-6 (W.D.N.C. 2006)(finding that plaintiff could not avoid his Rule 30(b)(6) obligations simply because the witness that defendant sought to depose as a corporate designee had previously been deposed as an individual on similar topics); *Smith v. General Mills, Inc.*, 2006 U.S. Dist. LEXIS 19093, at *14-15 (S.D. Ohio

2006)(rejecting defendant's argument that plaintiff could not depose witnesses in their capacities as corporate representatives because they had already been deposed in their personal capacities on similar topics); *Abbot Laboratories v. Alpha Therapeutics*, 2001 U.S. Dist. LEXIS 8540, at **5-6 (N.D. Ill. 2001)(ordering the deposition of two witnesses as corporate designees who had been previously deposed as fact witnesses but who had not been designated Rule 30(b)(6) representatives until after the earlier deposition). Each of these cases, however, dealt with factual scenarios where a party sought to prevent the other side from deposing witnesses in both capacities. By contrast, in the underlying matter, Defendants made no objection to Ms. Hampton testifying in both capacities, Ms. Hampton attended the deposition prepared to testify in both capacities, and the Magistrate Judge's Ruling and Order did not deny Plaintiff the opportunity to question Ms. Hampton in both capacities.

In addition, Plaintiff cites *Commodity Futures Trading Comm'sn v. Midland Rare Coin Exchange, Inc.*, 1999 U.S. Dist. LEXIS 16939 (S.D. Fla. 1999) for the proposition that the individual deposition and the corporate representative deposition "serve distinct purposes, impose different obligations . . ., and involve different ramifications." *Id.* at *10. While this may be an accurate statement of law, it does not mandate that the depositions be done separately, and nowhere does the court in

8

*Midland* demand that separation. Finally, Plaintiff cites favorably to Rule 30(b)(6). While Rule 30(b)(6) "does not preclude taking a deposition by any other procedure authorized in the[] rules," neither does it demand separate depositions. Fed. R. Civ. P. 30(b)(6). In short, Plaintiff can show no authority requiring depositions in a witness's individual and corporate capacities be held separately. While a party cannot skirt its obligations under Rule 30(b)(6), a Magistrate Judge retains broad discretion in directing how such depositions are conducted. Accordingly, Plaintiff has failed to show that Magistrate Judge Buchanan's decision to hold simultaneous depositions was clearly erroneous or contrary to law.

Secondly, Plaintiff argues that it was clear error *for* the Magistrate Judge to permit Ms. Hampton to consult a notebook containing a twenty-two page summary and various documents during the deposition.[2] Plaintiff contends that the use of the notebook violates the mandate of Fed. R. Civ. P. 30(c), which provides that in depositions "examination and cross-examination of

---

[2] In the telephone conversation with Magistrate Judge Buchanan on August 1, 2007, Plaintiff advised the Magistrate Judge that she had "no objection" to the use of the notebook "with regard to the Rule 30(b)(6) deposition," J. Hampton Dep. 36:16-17, instead objecting to the use of those documents during the deposition of Ms. Hampton in her individual capacity. As such, the Magistrate Judge apparently based her decision on the belief that Plaintiff had no objection to the use of the notebook during the Rule 30(b)(6) deposition. However, because Plaintiff now challenges the use of the notebook in such a manner, this Court will decide the issue on its merits.

witnesses may proceed as permitted at trial under the provisions of the Federal Rules of Evidence." Fed. R. Civ. P. 30(c). Specifically, Plaintiff claims that the use of the notebook was equivalent to the unchecked use of documents to refresh a witness's recollection, a violation of Fed. R. Evid. 612. Furthermore, Plaintiff alleges that Ms. Hampton's reliance on a notebook that was prepared by counsel meant that Ms. Hampton was not adequately prepared to testify - a sanctionable offense - and that defense counsel had engaged in impermissible witness coaching.

A corporation served with a Rule 30(b)(6) notice of deposition has a duty "to produce such number of persons as will satisfy the request [and] prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989). Pursuant to that duty, counsel for the corporation "should prepare the designated witness to be able to provide meaningful information about any designated area(s) of inquiry." *Poole v. Textron, Inc.*, 192 F.R.D. 494, 504 (D. Md. 2000) (citing ABA Standards, 19(f)(Duty to Prepare the Witness)). Notably, this duty extends "beyond matters personally known to the designee or to matters in which that designee was personally involved," *United States v. J.M. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996), to "those that should be reasonably known by the designating party." *Alexander v. F.B.I.*, 186 F.R.D. 137, 141

(D.D.C. 1998). Finally, as the court in *Taylor* noted, a corporation responsible for the "inadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on lack of good faith, prejudice to the opposing side, and disruption of the proceedings." *Taylor*, 166 F.R.D. at 363.

While it is improper for a witness to testify at trial from prepared notes under the guise of refreshing recollection, *see United States v. Morlang*, 531 F.2d 183, 190-91 (4th Cir. 1975), given the duty of a corporate designee to testify to all information reasonably known to the corporation, including matters beyond the designee's personal knowledge, a well-prepared deposition notebook has the potential to enhance the accuracy and depth of a designee's testimony. As such, use of a notebook is not indicative of a designee's unpreparedness; nor is it evidence of witness coaching.

Importantly, the content and purpose of the notebook used by Ms. Hampton are consistent with the purpose of Rule 30(b)(6). According to Defendants, the decision to use the notebook was not a reflection of Defendants' failure to prepare Ms. Hampton; rather, EDS had defense counsel prepare the notebook because they "believed it would be beneficial for its corporate designee to have available for reference during her testimony documents relevant to the specific topics to be examined." Defs.' Resp. at 6. The notebook's summary contained information pertaining to the topic headings from the Rule 30(b)(6) Notice,

11

and consisted of condensed summaries of Defendants' answers to Plaintiff's interrogatories. *Id.* The documents in the notebook likewise pertained to the topics from the Rule 30(b)(6) Notice, and had been previously produced to Plaintiff in discovery. *Id.* Moreover, to ensure Plaintiff was not harmed by any surprises, Magistrate Judge Buchanan instructed plaintiff's counsel that if the notebook contained a document that had not been produced in discovery, Plaintiff could bring a motion seeking further questioning of Ms. Hampton as to that particular document. J. Hampton Dep. 41:14-19.

Finally, the Magistrate Judge's decision to allow the use of the notebook in what was also a personal deposition was not clear error. Perhaps recognizing the different purposes of individual and corporate designee depositions, Magistrate Judge Buchanan suggested that if plaintiff's counsel wanted to know what the witness remembered in her individual capacity, she could ask Ms. Hampton what she recalled apart from her notes. J. Hampton Dep. 37:2-6. Regardless, by Plaintiff's own admission Ms. Hampton referred to the notebook fewer than thirty times over the course of a deposition that lasted close to a day and a half. Pl.'s Objections at 3-4. Thus, the actual use of the notebook was more akin to refreshing recollection than to defense counsel coaching the witness.

Given the balance of the law and the nature of the notebook used by Ms. Hampton, Plaintiff has failed to demonstrate

that the Magistrate Judge abused her discretion by making a clear error of law in allowing the use of the deposition notebook in the deposition. Thus, the Court will deny Plaintiff's objection to the Magistrate Judge's Ruling of August 1, 2007 and Order of August 2, 2007.

### B) Orders of August 10 and 23, 2007

Plaintiff further objects to the Magistrate Judge's Rulings of August 10 and 23, 2007, denying Plaintiff's motion to exclude and for other relief, and imposing on Plaintiff and her counsel the costs and fees incurred by Defendant in opposing the motion. Plaintiff claims that the Magistrate Judge denied Plaintiff's motion without providing either a hearing or a rationale. While Plaintiff rightly notes the brevity of the Magistrate Judge's opinion, in claiming that the decision is clearly erroneous and contrary to law, Plaintiff simply relies on her previous arguments. As this Court's reasoning in Section III.A indicates, those arguments are insufficient to meet the clear error standard.

Plaintiff, however, also challenges the Magistrate Judge's decision, pursuant to Fed. R. Civ. P. 37(a)(4), to impose on Plaintiff and her counsel the costs and fees incurred by Defendant in opposing Plaintiff's August 3, 2007 motion.[3] In her Order of August 10, 2007, Magistrate Judge Buchanan supported the

---

[3] Plaintiff does not object to the amount of the $8,825.62 award, only to the award itself. Pl.'s Reply at 1 n.1.

sanctions award by finding that the Plaintiff's motion constituted a motion for a protective order pursuant to Fed. R. Civ. P. 26(c). Plaintiff claims that her motion to exclude Ms. Hampton's testimony was not a motion for a protective order. Instead, Plaintiff argues that she made the motion pursuant to Fed. R. Civ. P. 37(b) on the ground that Ms. Hampton's testimony was obtained as a result of Defendants' failure to comply with the Ruling of August 1, 2007 and Order of August 2, 2007.

Fed R. Civ. P. 26(c) defines a protective order as an order designed "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Rule 26(c) includes within its scope orders mandating that "disclosure or discovery not be had" and that "certain matters not be inquired into." Id. For a motion for a protective order to be valid, it must be brought "by a party or by the person from whom discovery is sought." Id.

In her August 3, 2007 motion, Plaintiff moved to strike Ms. Hampton's deposition testimony, prohibit her from testifying at trial in her individual capacity and in her capacity as a Rule 30(b)(6) deponent, and prevent the Defendants from introducing any evidence at trial respecting any of the topic areas for which Ms. Hampton was designated to testify on behalf of EDS. Because Plaintiff sought to prevent a wide swath of information from being offered into evidence by Defendants, Plaintiff's motion qualifies as one brought by a party with the purpose of

14

preventing disclosure and ensuring that "certain matters not be inquired into." Moreover, Plaintiff offers no evidence that Defendants failed to comply with the Magistrate Judge's Ruling of August 1 and Order of August 2. Thus, the Magistrate Judge did not commit clear error by finding that Plaintiff's motion constituted a motion for a protective order and subjecting Plaintiff to sanctions under Rule 37(a)(4).

Plaintiff further argues that, even if her motion could be classified as a motion for a protective order, the award of sanctions was improper because it failed to afford Plaintiff an opportunity to be heard. Defendants, however, indicated in their brief opposing Plaintiff's motion that they were seeking costs and attorneys fees pursuant to Local Rule 37(G) and (H). Ex. 20 to Pl.'s Objections at 16-18. Plaintiff, then, had the opportunity to, and did in fact, respond to Defendant's claims in her reply brief. Ex. 2 to Pl.'s Objections at 13-14. Furthermore, while no oral hearing was held, under Local Civil Rule 7(J) an oral hearing is not required. Local Civil Rule 7(J). As a result, Plaintiff has failed to show that she was not afforded a proper opportunity to be heard. Thus, the Court will deny Plaintiff's objections to the Magistrate Judge's Orders of August 10 and August 23, 2007.

In summary, the Magistrate Judge appropriately considered the specifics of this particular case and the involved parties and came to a proper conclusion. There are no grounds

15

for finding that the decision is either clearly erroneous or contrary to law, and therefore there is no need to overrule, correct, or adjust the Magistrate Judge's Ruling of August 1, 2007, and Orders of August 2, 10, and 23, 2007.

### IV. Conclusion

For these reasons, the Court will deny Plaintiff's Objections.

An appropriate Order will issue.

September 13, 2007  _____/s/_____
Alexandria, Virginia               James C. Cacheris
                        UNITED STATES DISTRICT COURT JUDGE